IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re: Luis Mendoza Munoz.                    Case No. 2:25-mc-00018-KWR-KRS

**ORDER DENYING REQUEST TO CERTIFY U VISA**

THIS MATTER comes before the Court upon a Letter by Mr. Luis Mendoza Munoz. Doc. 1. Mr. Mendoza Munoz, represented by an immigration law firm, requests that the undersigned certify his I-918 form, affirmatively representing that he was the victim of a crime and that he was or is likely to be helpful in the investigation or prosecution of a qualifying crime, which are requirements to apply for a U-Visa. Previously, Plaintiff filed in this court a § 1983 civil complaint for damages, alleging he was sexually assaulted by a guard during a strip search while he was in custody. *See Mendoza Munoz v. Luna County Detention Center, et al.,* 2:21-cv-1192 KWR/KRS (D.N.M.). He alleged that he was subjected to repeated inappropriate strip searches. He filed that case *pro se*. The Court dismissed that case without prejudice under Rule 41 for failure to follow court orders or prosecute the case. As explained below, the Court declines to certify Plaintiff as a victim, because the Court never considered in the prior civil case the merits of the case, or whether Plaintiff was a victim of a qualifying crime. Moreover, he has not demonstrated that he has been, is, or is likely to be helpful to an investigation or prosecution of the alleged crimes.

The U-Visa classification grants temporary immigration status for victims of certain crimes who are likely to aid in the investigation of qualifying crimes, including sexual assault. 8 U.S.C. § 1101(a)(15)(U). The petition must be certified by a law enforcement official, prosecutor, judge or, other authority "investigating criminal activity." 8 U.S.C. § 1184(p)(1). Plaintiff requests the

undersigned certify that he is a victim of qualifying criminal activity and is likely to aid in the investigation of those crimes. The statute lists at least four requirements to obtaining a U-Visa. They are below:

> **(U)(i)** subject to section 1184(p) of this title, an alien who files a petition for status under this subparagraph, if the Secretary of Homeland Security determines that—
>
> **(I)** the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity described in clause (iii);
>
> **(II)** the alien (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) possesses information concerning criminal activity described in clause (iii);
>
> **(III)** the alien (or in the case of an alien child under the age of 16, the parent, guardian, or next friend of the alien) has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting criminal activity described in clause (iii); and
>
> **(IV)** the criminal activity described in clause (iii) violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States.

8 U.S.C. § 1101(u). Moreover, to certify a U-Visa, a judge or law enforcement officer must affirm that he "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity described in section 1101(a)(15)(U)(iii). 8 U.S.C. § 1184(p)(1). The decision to sign a U-Visa certification is discretionary. *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010).

Moreover, the I-918 form provided by Mr. Mendoza Munoz requests that an officer or judge certify that "based on investigation of the facts…under penalty of perjury, that the individual identified in Part is or was a victim of one or more of the crimes listed in Part 3." *See* Doc. 1 at 6.

First, it is unclear whether the undersigned should certify this I-918 form as Plaintiff only filed a § 1983 civil complaint seeking damages and took no other action. *Towet v. United States Dep't of Homeland Sec.*, No. 21-CV-2044-TC-TJJ, 2021 WL 3550280, at *1 (D. Kan. Aug. 11, 2021) ("One of several problems with Plaintiff's request is that this Court is not presiding over an investigation or criminal prosecution for perjury; this is a civil proceeding. Plaintiff cannot provide assistance or be helpful to this Court when there is no underlying investigation or prosecution."); *Nsinano v. Sessions*, 236 F. Supp. 3d 1133, 1139 (C.D. Cal. 2017) ("[T]he record does not reveal whether there has been an investigation or prosecution of the alleged criminal violation at issue here."); *Romero-Hernandez v. Dist. of Columbia*, 141 F. Supp. 3d 29, 33 (D.D.C. 2015) ("[T]here is no existing investigation or prosecution related to the Incident, nor is there any evidence indicating that any such investigation or prosecution will take place in the future, and no [ ] officers have been charged with any crime or infraction arising out of the Incident."); *Baiju v. U.S. Dep't of Labor*, No. 12-CV-5610 KAM, 2014 WL 349295, at *20 (E.D.N.Y. Jan. 31, 2014) ("[T]here is no evidence of any possible pending investigation or prosecution of the qualifying crimes that petitioner alleges"); *Agaton v. Hosp. & Catering Servs., Inc.*, No. CIV.A. 11-1716, 2013 WL 1282454, at *4 (W.D. La. Mar. 28, 2013) ("[T]his Court may not certify a U-Visa application when this judge has no responsibilities or even knowledge regarding any possible pending investigation or prosecution of the qualifying criminal activity."). I did not preside over any criminal proceeding and I was not involved in any proceeding involving the investigation or prosecution of a crime. Moreover, my actions in the civil proceeding were limited to dismissing Plaintiff's § 1983 claims for failure to prosecute or follow court orders under Fed. R. Civ. P. 41. I did not adjudicate whether there was any merit to Plaintiff's claims. Finally, the record does not reflect whether there is or was a pending criminal investigation or prosecution.

Moreover, the record does not establish that he has been, is, or is likely to be helpful in the investigation of criminal activity. 8 U.S.C. § 1101(u) requires that a person was helpful or likely to be helpful to the investigation or prosecution of criminal activity, but the record does not reflect whether there is a criminal investigation or prosecution. Plaintiff cites to the filing of his civil § 1983 complaint in this district. But Plaintiff took no action to prosecute that civil case, and it was dismissed without prejudice. He did not refile his case in this district. Therefore, he showed no interest in pursuing his case. In his complaint, he asserted that he filed a grievance with the correctional facility, and he was subsequently moved to a different facility. However, he has not presented any evidence outside that complaint that he has taken or will taken action to present the alleged crimes to law enforcement. *See, e.g., Mercado-Guillen v. McAleenan*, No. 18-CV-00727-HSG, 2019 WL 1995331, at *3 (N.D. Cal. May 6, 2019) ("There is no pending investigation or prosecution of the alleged qualifying crimes, and Petitioner thus fails to show how a U visa certification in this case would effectuate the purpose of the statute."). The alleged crimes occurred in 2019 or 2021, but there is no record that he took any other action. Therefore, the Court concludes that Plaintiff has not been helpful, is not helpful, and is not likely to be helpful in the investigation or prosecution of criminal activity.

The Court exercises its discretion and declines to certify the I-918 form. Therefore, the Court denies Mr. Mendoza-Munoz's Request for a U-Visa Certification. The Clerk of Court is directed to close this miscellaneous civil case.

**IT IS SO ORDERED.**

\_\_\_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE